## GETTINGS v. DICHMANN, WRIGHT & PUGH, Inc.

### No. 243 of 1947.

United States District Court
E. D. Pennsylvania.
June 28, 1949.

Mace H. Scovell (of Freedman, Landy & Lorry), of Philadelphia, Pa., for plaintiff.

H. G. Kildare (of Rawle & Henderson), of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a seaman's action in admiralty for wages and to recover maintenance and cure for injuries allegedly sustained by the libellant aboard the respondent's vessel, the S. S. Joyce Kilmer. Upon motion of counsel for libellant, this case was combined, for trial purposes only, with a civil action at law between the same parties for damages resulting from the injury here involved. At the trial the civil action for damages was submitted to a jury. This opinion disposes of the action in admiralty.

On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. The libellant is Bert K. Gettings.

2. The respondent is Dichmann, Wright & Pugh, Inc.

3. Libellant joined the respondent's vessel, the S. S. Joyce Kilmer, at Baltimore, Maryland, on August 14, 1946, signing twelve months foreign articles.

4. On or about September 5, 1946, while the vessel was in the harbor of Le Havre, France, the libellant suffered a fracture of the proximal phalanx of the fifth, or little, finger of his left hand when the lid of a gear locker fell on that hand while he was engaged in his duties as a seaman on the respondent's vessel.

5. Libellant reported this injury to the purser, who prescribed the same first aid treatment for the injury which a doctor who was a witness for the plaintiff testified he would have prescribed in the absence of X-ray facilities.

6. The libellant, in the presence of the captain and the purser of the S. S. Joyce Kilmer, agreed to wait until the vessel reached the port of Rouen, France, before going ashore for professional medical treatment.

7. On September 11, 1946, the third day after the vessel's arrival at Rouen, the libellant requested and was sent ashore for professional medical treatment for the fifth finger on his left hand. An X-ray revealed the fracture. At a doctor's instructions, the same treatment as was prescribed by the purser was continued.

8. On September 27, 1946, the libellant signed off articles in Philadelphia, Pennsylvania, at which time he was paid all wages due him to date.

9. The libellant was furnished out-patient care by the United States Public Health Service, Philadelphia, from October 3, 1946 to November 1, 1946. On November 1st, the libellant was told that he could return to light duty, with the provision that he massage his finger with cocoa butter, but that he was to return to the Public Health Service in two weeks. The libellant did not return to the Public

Health Service for further treatment of his left fifth finger.

10. The libellant returned to work on January 5, 1947, at substantially the same work and the same rate of pay that he had been receiving prior to the accident on the S. S. Joyce Kilmer, and has been employed at the same or better wages since that date.

11. As a result of this fracture, the libellant has suffered a permanent deformity of his left fifth finger and a permanent impairment of the gripping function of his left hand, although the pinching and hooking functions were not impaired.

12. Dr. Abraham Myers, an orthopedic specialist and witness for the libellant, testified that finger fractures heal completely in eighteen days.

13. The fracture of the libellant's fifth finger on his left hand did not prevent him from returning to work after November 1, 1946.

14. Counsel for libellant and respondent stipulated the rate of maintenance and cure at $3.50 per day.

15. Respondent has paid libellant $126.00 for maintenance and cure at the rate of $3.50 per day for the period from September 27, 1946 to November 1, 1946.

16. At the request of counsel for the libellant, the question of wages lost during the period from September 27, 1946 to January 5, 1947 was submitted to the jury in the libellant's civil action at law for damages. While the jury was deliberating and before it returned its verdict, the maintenance and cure phase was heard by the Court, and counsel for libellant urged that the Court also award wages for this same period in the admiralty action. The jury returned a verdict in the civil action for libellant for $2750, a sum adequate under the evidence to include wages for this period. Accordingly, no wages for this period are awarded in the admiralty suit.

### Conclusions of Law.

1. This Court has jurisdiction of the subject matter and the parties to this action.

 2. The libellant has received $126.00, the full amount of maintenance

and cure to which he is entitled for the injury he received on the respondent's vessel, the S. S. Joyce Kilmer, on September 5, 1946.

 3. The libellant is not entitled to receive an award for wages lost for the period from September 27, 1946 to January 5, 1947 in this action.

4. The libellant's claim for maintenace, cure and wages is dismissed.